IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| EDWIN C. QUILES, SR., | ) | Case No. 08 B 10498 |
| | ) | |
| Debtor(s). | ) | Judge Manuel Barbosa |

**TRUSTEE'S FINAL REPORT**

To:   THE HONORABLE MANUEL BARBOSA, BANKRUPTCY JUDGE

NOW COMES Charles J. Myler, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1. The Petition commencing this case was filed on April 27, 2008. Charles J. Myler was appointed Trustee on April 27, 2008. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2. The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $0. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4. A summary of the Trustee's Final Report as of October 31, 2008 is as follows:

1

|   |   |   |   |
|---|---|---|---|
| a. | RECEIPTS (See Exhibit C) |  | $10,920.90 |
| b. | DISBURSEMENTS (See Exhibit C) |  | $0.00 |
| c. | NET CASH available for distribution |  | $10,920.90 |
| d. | TRUSTEE/PROFESSIONAL COSTS: |  |  |
|   | 1. Trustee compensation requested (See Exhibit E) | $1,842.09 |  |
|   | 2. Trustee Expenses (See Exhibit E) | $9.27 |  |
|   | 3. Compensation requested by attorney or other professionals for trustee (See Exhibit F) | $2,108.75 |  |

5. The Bar Date for filing unsecured claims expired on November 10, 2008.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee. (See Exhibit D) The actual dollar amount of claims allowed and/or requested for this estate is as follows:

|   |   |   |
|---|---|---|
| a. | Allowed unpaid secured claims | $0.00 |
| b. | Chapter 7 administrative and 28 U.S.C. §1930 claims | $3,960.11 |
| c. | Allowed Chapter 11 administrative claims | $0.00 |
| d. | Allowed priority claims | $0.00 |
| e. | Allowed unsecured claims | $132,215.21 |

7. Trustee proposes that unsecured creditors receive a distribution of 5.265% of allowed claims.

8. Total compensation previously awarded to Trustee's counsel, accountant or other professional was $0.00. Trustee's attorney's, accountant's, or other professional's compensation requested but not yet allowed is $2,108.75. The total of Chapter 7 professional fees and expenses requested for final allowance is $2,108.75. (See Exhibit G).

9. A fee of $1,500.00 was paid to debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE,** the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

DATE: November 13, 2008

/s/ Charles J. Myler
Charles J. Myler, ARDC# 2008602
105 E. Galena Blvd., 8th Floor
Aurora, IL 60505
(630) 897-8475

## TASKS PERFORMED BY TRUSTEE

The only asset in this case was debtor's one-half ownership in a residence in Aurora, Illinois. A contract for sale of this real estate was pending at the time of the bankruptcy filing. Trustee hired counsel to complete the sale. Trustee's only tasks in this bankruptcy were to hire counsel, check claims and assist counsel in preparing the final report. It is estimated that 5 hours were spent in trustee time in this estate.

EXHIBIT A

Page: 1

# Form 1
## Individual Estate Property Record and Report
### Asset Cases

Case Number: 08-10498 5
Case Name: QUILES, EDWIN C, SR

Trustee: (330510) CHARLES J. MYLER
Filed (f) or Converted (c): 04/27/08 (f)
§341(a) Meeting Date: 05/19/08
Claims Bar Date: 11/10/08

Period Ending: 10/31/08

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) abandon.<br>DA=§554(c) abandon. | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | single family residence Fee Owner 512 S. Spencer | 150,000.00 | 72,000.00 | | 10,913.52 | FA |
| 2 | Cash | 50.00 | 50.00 | DA | 0.00 | FA |
| 3 | AECU Christmas Club account | 540.00 | 540.00 | DA | 0.00 | FA |
| 4 | AECU savings account | 850.00 | 850.00 | DA | 0.00 | FA |
| 5 | Old Second savings account | 100.00 | 100.00 | DA | 0.00 | FA |
| 6 | Old Second savings account | 100.00 | 100.00 | DA | 0.00 | FA |
| 7 | CPU, dvd player, furnishings indlcuding dining c | 2,000.00 | 2,000.00 | DA | 0.00 | FA |
| 8 | Coats, clothing, shoes | 500.00 | 500.00 | DA | 0.00 | FA |
| 9 | 1986 Oldsmobile Cutlass | 800.00 | 800.00 | DA | 0.00 | FA |
| 10 | 1997 Toyota Tercel 87035 miles | 3,000.00 | 3,000.00 | DA | 0.00 | FA |
| 11 | 2004 Chevy Silverado 27000 miles | 13,375.00 | 13,375.00 | DA | 0.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 7.38 | Unknown |
| 12 | Assets   Totals (Excluding unknown values) | $171,315.00 | $93,315.00 | | $10,920.90 | $0.00 |

Major Activities Affecting Case Closing:
Trustee has sold real estate; will file final report


EXHIBIT

Printed: 11/13/2008 03:16 PM   V.10.54

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 08-10498 5
**Case Name:** QUILES, EDWIN C, SR

**Trustee:** (330510) CHARLES J. MYLER
**Filed (f) or Converted (c):** 04/27/08 (f)
**§341(a) Meeting Date:** 05/19/08
**Claims Bar Date:** 11/10/08

**Period Ending:** 10/31/08

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) abandon. DA=§554(c) abandon. | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| Ref. # | | | | | |

**Initial Projected Date Of Final Report (TFR):** August 31, 2008    **Current Projected Date Of Final Report (TFR):** August 31, 2008

Page: 1

# Form 2
## Cash Receipts And Disbursements Record

| Case Number: | 08-10498 5 | | Trustee: | CHARLES J. MYLER (330510) |
| Case Name: | QUILES, EDWIN C, SR | | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | | | Account: | ***-*****21-65 - Money Market Account |
| Taxpayer ID #: | 13-7601213 | | Blanket Bond: | $5,000,000.00   (per case limit) |
| Period Ending: | 10/31/08 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Money Market Account Balance |
| 05/13/08 | {1} | Ticor Title Insurance | proceeds of sale of real estate | 1110-000 | 10,913.52 | | 10,913.52 |
| 05/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 0.71 | | 10,914.23 |
| 06/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 1.38 | | 10,915.61 |
| 06/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 1.38 | | 10,916.99 |
| 07/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 1.29 | | 10,918.28 |
| 08/29/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 1.43 | | 10,919.71 |
| 09/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1200% | 1270-000 | 1.19 | | 10,920.90 |
| 10/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1200% | 1270-000 | | | $10,920.90 |

| | | | |
|---|---|---|---|
| ACCOUNT TOTALS | | 10,920.90 | 0.00 |
| Less: Bank Transfers | | 0.00 | 0.00 |
| Subtotal | | 10,920.90 | 0.00 |
| Less: Payments to Debtors | | | 0.00 |
| NET Receipts / Disbursements | | $10,920.90 | $0.00 |


EXHIBIT B

{} Asset reference(s)

Page: 2

# Form 2
## Cash Receipts And Disbursements Record

**Case Number:** 08-10498 5
**Case Name:** QUILES, EDWIN C, SR
**Taxpayer ID #:** 13-7601213
**Period Ending:** 10/31/08

**Trustee:** CHARLES J. MYLER (330510)
**Bank Name:** JPMORGAN CHASE BANK, N.A.
**Account:** ***_*****21-65 - Money Market Account
**Blanket Bond:** $5,000,000.00 (per case limit)
**Separate Bond:** N/A

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|

|  |  |  |  | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|---|---|---|
| TOTAL - ALL ACCOUNTS |  |  |  | 10,920.90 | 0.00 | 10,920.90 |
| MMA # ***_*****21-65 |  |  |  | $10,920.90 | $0.00 | $10,920.90 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                    )    Chapter 7
                          )
EDWIN C. QUILES, SR.,     )    Case No. 08 B 10498
                          )
        Debtor.           )    Judge Manuel Barbosa

## DISTRIBUTION REPORT

I, Charles J. Myler, Trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution:

SUMMARY OF DISTRIBUTION:

| | |
|---|---|
| Chapter 7 Administrative Expenses: | $3,960.11 |
| Chapter 11 Administrative Expenses: | $0.00 |
| Priority Claims (507(a)(3)-(a)(6)): | $0.00 |
| Secured Tax Liens: | $0.00 |
| Priority Tax Claims: | $0.00 |
| General Unsecured Claims: | $6,960.79 |
| Other: | $0.00 |

TOTAL AMOUNT TO BE DISTRIBUTED:    $10,920.90

EXHIBIT D

5

## DISTRIBUTION REPORT

| 1. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §726(a) & (b) and §507(a)(1) (Chapter 7 costs of administration including court costs and U.S. Trustee quarterly fees pursuant to 28 U.S.C. 1930(6)) | $3,960.11 | 100 |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** | **AMOUNT OF DIVIDEND** |
| Charles J. Myler, Trustee | $1,842.09 | $1,842.09 |
| Charles J. Myler, Expenses | 9.27 | 9.27 |
| Myler, Ruddy & McTavish | 2,108.75 | 2,108.75 |

| 2. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a) & (b) and §507(a)(1) (Debtor-in-possession (DIP) administrative expenses) | $0.00 | |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** $ | **AMOUNT OF DIVIDEND** $ |

| 3. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(2) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | $0.00 | |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** $ | **AMOUNT OF DIVIDEND** $ |

| 4. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(3) - Wages, salaries or commissions limited to $4,000 (less applicable withholdings) | $0.00 | |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** $ | **AMOUNT OF DIVIDEND** $ |

| | TOTAL | FINAL |

| **5. TYPE OF CLAIMS**<br>§507(a)(4) - Contributions<br>to Employee Benefit Plans | **AMOUNT OF CLAIMS**<br>$0.00 | **DIVIDEND %** |
|---|---|---|
| **CLAIM NO.  CREDITOR** | **AMOUNT OF ALLOWED CLAIM**<br>$ | **AMOUNT OF DIVIDEND**<br>$ |
| **6. TYPE OF CLAIMS**<br>§507(a)(5) - Farmers'<br>and Fishermans' claims<br>to the extent of $2,000 | **TOTAL AMOUNT OF CLAIMS**<br>$0.00 | **FINAL DIVIDEND %** |
| **CLAIM NO.  CREDITOR** | **AMOUNT OF ALLOWED CLAIM**<br>$ | **AMOUNT OF DIVIDEND**<br>$ |
| **7. TYPE OF CLAIMS**<br>§507(a)(6) - Deposits<br>by consumers to the extent<br>of $900 | **TOTAL AMOUNT OF CLAIMS**<br>$0.00 | **FINAL DIVIDEND %** |
| **CLAIM NO.  CREDITOR** | **AMOUNT ALLOWED CLAIM**<br>$ | **AMOUNT OF DIVIDEND**<br>$ |
| **8. TYPE OF CLAIMS**<br>§724(b) - Tax Liens | **TOTAL AMOUNT OF CLAIMS**<br>$0.00 | **FINAL DIVIDEND %** |
| **CLAIM NO.  CREDITOR** | **AMOUNT OF ALLOWED CLAIM**<br>$ | **AMOUNT OF DIVIDEND**<br>$ |
| **9. TYPE OF CLAIMS**<br>§507(a)(7) - Tax claims<br>excluding fines and penalties | **TOTAL AMOUNT OF CLAIMS**<br>$0.00 | **FINAL DIVIDEND %** |
| **CLAIM NO.  CREDITOR** | **AMOUNT OF ALLOWED CLAIM**<br>$ | **AMOUNT OF DIVIDEND**<br>$ |
| **10. TYPE OF CLAIMS**<br>§507(a)(8) - Capital<br>Commitments to FDIC, et al. | **TOTAL AMOUNT OF CLAIMS**<br>$0.00 | **FINAL DIVIDEND %** |

7

| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |
|---|---|---|
| **11. TYPE OF CLAIMS**<br>§726(a)(2) - General Claims (To be paid *pro-rata* after costs of administration and priority claims are paid in full) | TOTAL AMOUNT OF CLAIMS<br>$132,215.29 | FINAL DIVIDEND %<br>5.265 |
| CLAIM NO. CREDITOR<br>1. Fifth Third Bank<br>2. Chase Bank USA<br>3. FIA Card Services | AMOUNT OF ALLOWED CLAIM<br>$129,468.60<br>$1,442.48<br>$1,304.13 | AMOUNT OF DIVIDEND<br>$6,816.19<br>$75.94<br>$68.66 |
| **12. TYPE OF CLAIMS**<br>§726(a)(3) - Late unsecured claims. | TOTAL AMOUNT OF CLAIMS<br>$0.00 | FINAL DIVIDEND % |
| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |
| **13. TYPE OF CLAIMS**<br>§726(a)(4) - Fines/penalties | TOTAL AMOUNT OF CLAIMS<br>$0.00 | FINAL DIVIDEND % |
| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |
| **14. TYPE OF CLAIMS**<br>§726(a)(5) - Interest (___% from date of filing to anticipated date of distribution (_____) | TOTAL AMOUNT OF CLAIMS<br>$0.00 | FINAL DIVIDEND % |
| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |
| **15. TYPE OF CLAIMS**<br>§726(a)(6) - Surplus to Debtor | TOTAL AMOUNT OF CLAIMS<br>$0.00 | FINAL DIVIDEND % |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |
|---|---|---|---|

The following claims are not included in the distribution because they have been disallowed by court order or have been withdrawn by the claimant:

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED/WITHDRAWN (DESIGNATE) |
|---|---|---|---|---|

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED: November 13, 2008

Charles J. Myler, Trustee, ARDC# 2008602